**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL R. CAPPS,

Defendant - Appellant.

No. 24-3083
(D.C. No. 6:21-CR-10073-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Michael R. Capps seeks to appeal several rulings made in the proceedings to enforce his restitution order. But the enforcement proceedings remain ongoing. Without a final decision, we lack jurisdiction to hear this appeal.

I

A federal jury convicted Mr. Capps of several crimes. He was ordered to pay more than $300,000 in restitution.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government began enforcement proceedings to collect the restitution. It applied for writs of garnishment and referred the restitution debt to the Treasury Offset Program.[1] Mr. Capps filed several motions addressing the enforcement proceedings. The district court entered an order (1) denying Mr. Capps's motion for a declaratory judgment holding that his social security disability benefits are exempt from garnishment; (2) granting the government's motion to dismiss the motion for a declaratory judgment; (3) denying Mr. Capps's motion to require the government to apply forfeited funds to the restitution judgment; (4) denying Mr. Capps's claim that certain property is exempt from garnishment; and (5) denying Mr. Capps's motion to quash the government's discovery requests and to impose sanctions against the government.

Mr. Capps appeals from the court's order.[2] The government moves to dismiss the appeal, arguing that we lack jurisdiction to hear it.

## II

Mr. Capps has the burden to establish our jurisdiction because he is the party invoking it. *See In re Syngenta AG MIR 162 Corn Litigation*, 61 F.4th 1126, 1170 (10th Cir. 2023).

---

[1] The Treasury Offset Program helps collect overdue federal debt by withholding money from a federal payment—such as a tax refund or social security benefit—to the debtor. *See* U.S. Dep't of the Treasury, *Treasury Offset Program*, https://fiscal.treasury.gov/top/how-top-works.html [https://perma.cc/9EGC-A5MU].

[2] Mr. Capps represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We have jurisdiction over "appeals from all final decisions of the district courts."  28 U.S.C. § 1291.  "A 'final decision' within the meaning of § 1291 is normally limited to an order that resolves the entire case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020).  This definition applies even though this appeal involves postjudgment proceedings.  *See Syngenta*, 61 F.4th at 1172.  After all, we treat postjudgment "proceedings as standalone litigation units subject to the same finality rules that apply to prejudgment merits proceedings."  *Id.*

Not even Mr. Capps disputes that the enforcement proceedings remain ongoing in district court.[3]  So we have no decision concluding the enforcement proceedings and thus giving us jurisdiction.

But § 1291 "encompasses not only judgments that terminate an action, but also a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final."  *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) (internal quotation marks omitted).  This small class "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action."  *Id.* (internal quotation marks omitted).

---

[3] Mr. Capps implies that the order denying his motion for a declaratory judgment is a final decision because it conclusively resolved whether his social security disability benefits are exempt from garnishment.  Granted, the order "disposed of a particular, discrete issue that the district court was unlikely to revisit."  *Syngenta*, 61 F.4th at 1173.  But a final decision will not exist until the district court resolves *all issues* raised in the enforcement proceedings.  *See id.* at 1172–73.

Mr. Capps has failed to show that the collateral-order doctrine allows immediate appeal of the district court's rulings. We will assume the rulings were conclusive. Even so, Mr. Capps has not shown they are separate from the merits of the ongoing proceedings. In fact, he argues only that the rulings "are separate from the merits of the underlying criminal case." Resp. to Mot. to Dismiss at 2. But what matters is whether the rulings are separate from the merits of the *enforcement proceedings*, for it is those proceedings that we treat as the relevant litigation for purposes of finality. *See Syngenta*, 61 F.4th at 1172. Moreover, Mr. Capps has failed to show that the rulings could not be reviewed effectively once the enforcement proceedings have concluded. He says he will suffer harm from the continued garnishment of his disability benefits and forced financial disclosures. To decide if a ruling will be effectively unreviewable later, however, we do not ask whether immediate review might avert "a particular injustice." *Mohawk*, 558 U.S. at 107 (brackets and internal quotation marks omitted). We instead ask whether "delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Id.* (internal quotation marks omitted). And Mr. Capps identifies no public interest or high-order value at stake.

4

III

We grant the government's motion to dismiss.  We dismiss this appeal.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge